Citation Nr: 1755120 
Decision Date: 11/01/17 Archive Date: 12/07/17

DOCKET NO. 14-05 084 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for hypertension, to include as due to exposure to an herbicide agent and secondary to the Veteran's service-connected diabetes mellitus.

2. Entitlement to service connection for a heart disability, to include ischemic heart disease, to include as due to exposure to an herbicide agent and as secondary to the Veteran's service-connected diabetes mellitus.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Whitelaw, Associate Counsel


INTRODUCTION

The Veteran served honorably on active duty in the U.S. Army from October 1966 to October 1968, including in the Republic of Vietnam.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. Jurisdiction of the claim was subsequently transferred to the RO in Waco, Texas.

The Veteran appeared and testified at a videoconference hearing before the undersigned Veterans Law Judge in September 2016. A transcript of the hearing has been associated with the Veteran's claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, the Veteran's claims must be remanded at this time to engage in additional evidentiary development.

As part of its duties to assist a claimant, VA may be required to provide a claimant with a medical examination. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). However, once VA undertakes the effort to afford a claimant with an examination, VA must ensure that this examination is adequate. Id. A medical opinion is adequate when it is based upon consideration of the veteran's prior medical history and describes the disability in sufficient detail so that the Board's evaluation of the claimed disability will be fully informed. D'Aries v. Peake, 22 Vet. App. 97, 104 (2008). If an examination report is inadequate or fails to contain sufficient detail, the Board is required to return the report. See Bowling v. Principi, 15 Vet. App. 1, 12 (2001).

The Board also notes that a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). If a medical opinion does not clearly address the relevant facts and medical science, the Board "is left to rely on its own lay opinion, which it is forbidden from doing." Stefl, 21 Vet. App. at 124 (Citing Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991)).

Here, the Veteran was afforded a VA medical examination in connection with his claim of service connection for cardiovascular disabilities in December 2009. An additional medical opinion was obtained in January 2014. However, the examiners who provided this opinion and examined the Veteran did not address the possibility that the Veteran's hypertension has been aggravated by any service-connected disability, including the Veteran's service-connected diabetes. The Veteran has explicitly argued that this endocrine disorder has worsened his cardiovascular disabilities. The Board also recognizes that VA has not included hypertension as a disease that may be presumptively service connected due to exposure to an herbicide agent. Nonetheless, the Veteran's claim for hypertension may be granted on the theory that it is directly related to his conceded exposure to an herbicide agent. Upon remand, the examiner should address whether any such direct relationship exists in this case.

Finally, the Board notes that there has been some confusion regarding the precise nature of the Veteran's heart-related disability. A medical examiner from October 2011 suggested that the Veteran had ischemic heart disease, whereas a January 2014 VA clinician explicitly stated that the record did not contain supporting documentation for a diagnosis of this condition. As ischemic heart disease may be presumed to be service connected for those such as the Veteran who VA has conceded to have been exposed to an herbicide agent, the precise nature of any cardiovascular condition is vital to evaluating his claim. Moreover, in a VA treatment note from July 2015, the Veteran's treating clinician reported evidence of "arthrosclerosis in the abdominal aorta as noted on plain film." Upon remand, the Veteran should be afforded a VA examination to determine the nature of any current heart-related disorder.

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records relating to the Veteran's hypertension, or any other cardiovascular disability, and associate them with the Veteran's claims file.

2. Thereafter, schedule the Veteran for a medical examination with an appropriate medical professional to evaluate the etiology of the Veteran's hypertension and to determine the nature and etiology of any other heart-related disease, to include ischemic heart disease. A complete medical history should be taken and the examiner is instructed to review the entire claims file. All tests or studies deemed necessary should be completed. The examiner is asked to provide an opinion and complete rationale for the following items:

a) Is it as least as likely as not (50 percent probability or greater) that the Veteran's hypertension is (1) proximately due to or (2) has been aggravated by (worsened beyond the natural progression of the disease) any service-connected disability, to include diabetes mellitus?

b) Is it as least as likely as not (50 percent probability or greater) that the Veteran's hypertension is etiologically related to his conceded exposure to an herbicide agent?

c) Please provide a diagnosis for any current heart-related disability. In providing this list of diagnoses, the examiner is asked to specifically comment on the July 2015 treatment note suggesting "arthrosclerosis in the abdominal aorta." 

d) If any heart-related disability does not satisfy the definition of ischemic heart disease, is it at least as likely as not (50 percent probability or greater) that the disability arose in or is otherwise etiologically related to active duty service, to include the Veteran's conceded exposure to an herbicide agent?

e) If any heart-related disability does not satisfy the definition of ischemic heart disease, is it at least as likely as not (50 percent probability or greater) that the disability is (1) proximately due to or (2) has been aggravated by (worsened beyond the natural progression of the disease) any service-connected disability, to include diabetes mellitus?

3. Finally, readjudicate the Veteran's claims. If either claim is not granted to the Veteran's satisfaction, provide the Veteran and his representative a supplemental statement of the case and allow them an appropriate amount of time to respond before returning the case to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).